Good morning, Your Honor. My name is Nancy Miller, and to please the Court, I represent Petitioner Lusjahari. And I'd like to discuss two issues this morning. First is the Board of Immigration Appeals' due process obligation regarding service, which, of course, in this case means the service of the decision. This Court has ruled that service should be reasonably calculated to ensure that the notice reaches the alien. And this Court has also ruled that where the mail was returned unclaimed, the government must take additional steps to ensure that the notice is received. That's E-2, right? That is E-2, yes, Your Honor. E-2? Yes. Yes. Now, the facts were a little different in E-2. There were several repeated mailings that didn't succeed there. Yes, they made several attempts in that case, which is not what they did in this case, Your Honor. In this case... They made one attempt, the letter comes back. Yes. Now, they did send to the regattos, right? They... They left out the suite number, right? They left out the... They did two things that were incorrect. They left out the suite number, which would not have been fatal if they had included the name of the law firm. What they did was they had sent it to the associate, who was not known to the post office, and that's why they sent it back saying address unknown. They had notice. But do we agree that they sent it precisely to the address that the associate provided on the form? No, with all due respect. No? Because the form also included the name of the law firm, and I think it was important to include that. It says right there the name of the attorney is in one section, and the next box over is the name of the firm. But the suite number was the only thing missing. And the suite number was missing. But, again, that would not have been fatal if they had included the name of the firm, the name of the business, as opposed to an employee. If you send it just to an employee, the post office may very well not know, as in this case, who that employee is. If you have the suite number, then you... Sort of like mailing something to here to the courthouse to one of my law clerks. Excuse me, Your Honor? It's sort of like mailing something to the courthouse to one of my law clerks. Exactly, Your Honor. If they don't include the suite number of the judge that they work for or something. How are they going to know who to send it to? Well, not in this courthouse. We're small enough, but district court in Los Angeles, for example, might be an issue. Let's assume for a minute that the BIA, they should have tried another time. They should have looked at their records and said, oh, we could add a couple of pieces of information. Yes. This all is then revealed to the petitioner in, I believe, September. Of 2005. Of 2005. Yes. And no motion to reopen is filed until March of 2007. Well, her attorney at that point, Mr. Lerner, filed, it could be called an informal motion, it was in the form of a letter to the board in September, within a few weeks, asking them to reissue the decision, which is a letter that they never acted on. It wasn't a motion to reopen, it was, please reissue the decision, I never got this one. Yes. Yes. And I grant you that could have been done far better than it was done. But it certainly gave the board an opportunity to correct its error at that point. And I think that under the requirements of due process, they had an obligation, both at the time that they received the order, the decision back, and certainly when they received notice from the lawyer saying, we never got anything, would you reissue it? Okay, but I wanted to focus on the second long delay. She knows that she's been removed in absentia, and doesn't file a motion to reopen because of the non-receipt for almost a year and a half? That is true, Your Honor. I think two very important things happened during that time point, however. First of all, I think it's important to note that she did hire another firm to represent her within less than 90 days. I think then that firm, and that is our firm, went forward preparing the motion and was about to file it when the decision came down that the I-130 had been denied because they didn't appear at the interview. At that point, they couldn't file a motion until the I-130 was refiled. Why not? When the motion to reopen was based on non-receipt of the order of removal in absentia, why couldn't you do it? I don't know why you couldn't pursue both things at one time. Because in showing prejudice, we would have had to show that she was eligible for some form of relief. And if there is no I-130 pending or approved, the argument could well have been made, and maybe this was an erroneous calculation on the part of our firm, but the, I think, reasonable assumption was that even showing error, in the course of complying with the requirements of showing prejudice, we had to show that she was eligible for that relief. And we couldn't do that until we had refiled the I-130 and received the notice of the receipt, which happened in February, and then the motion was filed in March. Was that excuse offered to the Bureau of Immigration Appeals? The timeline was, Your Honor. The timeline was. Yes. But they, didn't they deny because there was no, they did not find a reasonable explanation for the delay in filing the motion to reopen? That is correct. And can we say that's an abuse of discretion on the record that they had, which did not make the argument that you're making today, that you couldn't file a motion to reopen without appending I-130? It wasn't presented to them? I think it was presented by the fact that they, that we said that we had received the denial and that we immediately refiled, and then as soon as we received the notice of the receipt, that we filed the motion. It may not have been as explicit as it should have been, or it could have been, but I think it was given to them. I don't know that it would have made a difference. They had found that the seven-month period prior to the, that Mr. Lerner took was untimely, and that showed lack of due diligence as well. I don't know quite what they, and he had set out what he had done. They never dealt with the fact that neither the respondent or her lawyer ever got notice, and that essentially it was their fault, because once they knew that they had received, that the respondent had not gotten notice, once they knew that the lawyer had not gotten notice, they had documents in the file that showed that it was Mr. Lerner's law firm. They had documents in the file including the motion itself, the little section right up on top that had his suite number. They had the respondent's address because they sent the receipt of the motion to her. When you find out that the lawyer never got the notice, or the decision, and you get that back, send it to the client. It would have been one more stamp, and then there wouldn't have been an argument, and they never did that. There's no claim of ineffective assistance of counsel against Mr. Lerner, right? The only ineffective assistance, and I'm not really sure that there was, is that he did not in his EOIR 28 list the suite number. I don't really think that's ineffective. I think it's the board's problem. I think it's the board's decision. I'm not saying there is or there isn't. I'm just saying the point is you have not made the point. We made the point in the motion, Your Honor. Yes, we did. But you didn't report it to the bar. Yes, we did. You did? Yes. So you went through all the… Yeah, we went through all the Lozada steps. Lozada steps, okay. Yes. As an exercise in precaution. I'm not saying you should have or it was right. I just want to know what the precautions were. Yes. We still have half a minute left. I'd like to reserve that for… Okay. We'll hear from the government. May it please the Court. My name is Walter Bocchini. I represent the Attorney General. Your Honor, as the government understands, the issue, the real issue in this case is whether Petitioner acted diligently in seeking reissuance of her order. From the time that she discovered the error of the prior attorney in December of 2005, from the time that she eventually filed the motion in March of 2007. What she seems to be attempting to do now is reframe an ineffective assistance of counsel issue that requires diligence as a notice issue. But the fact of the matter is there was no notice problem at all, as far as the board didn't create the problem, the notice problem. Well, it did. I mean, they sent the notice to the wrong address and they got it back, so they knew that it didn't reach its destination. They didn't resend it to the client. They didn't check the address to see whether maybe they left out something. So… Yes, I mean, they rely on… Are you conceding that the board… No, I'm not conceding that at all, Your Honor. I think that the board mailed the decision to the last known address as prior counsel had included in the EOIR-27. Well, it didn't include the firm. Yes, Your Honor. The thing is, I mean, if you look at the other three decisions there are in the record, none of them include the firm. The board doesn't do… The board only includes the attorney and the address, and there's a reason for that. The only person who can represent the client is the attorney, never the firm. That's articulated in the practice manual. You said it's three decisions. Which three decisions are you talking about? I'm sorry? You said it's three decisions. Oh, I'm sorry. I'm talking about the three decisions that are on the record, which are the board's summary affirmance of the original denial of asylum, then the board's denial of the motion to reopen, the first motion to reopen as well as the motion to reconsider, and then the board's denial of the next motion to reopen. So I guess it would be like four. Yeah, let me get the numbers correct. There are so many decisions of the board in this case. But if you look at all of them, they all include the same… It's always the same format. And are you saying that as a matter of practice, that's what the BIA does and that's in the practice manual, don't include the firm name? The practice manual doesn't state that they don't include the practice name, but that's how the clerks function. It seems to me that it could be slapped on the side of the head. You need an opinion from us saying that's wrong. I mean, this is a big problem. You send a letter to a lawyer and don't include the firm address. That is going to, in many cases, that letter is not going to get delivered. And then it comes back so they know it hasn't been delivered and they do nothing about it. And if they're taking the position that's right, it seems to me they really need to be slapped on the side of the head to get their attention. What is the possible justification for that? Your Honor, I think… Is this a game of hide and seek? No, Your Honor. You're dealing with people's lives here. No, I'm sorry, Your Honor. The thing is… No, you're not dealing with people's lives? We are dealing with people's lives. Okay, so the letter comes back. Which part are you disagreeing with? When the letter comes back, does the board think that the notice has arrived? When the letter's come back, the board knows it hasn't arrived. You don't have to repeat the question. Just answer it. No, the board knows the notice has not arrived, Your Honor. Okay, so what is it that justifies sitting on their hands at that point and not looking for a better address or sending it to the client or adding the firm name, which is pretty obvious, which is in the file, to make sure the letter gets there? I don't think the board can add the firm name, Your Honor. I think that if you look at what the practice manual says, the board can only…  So this is your personal opinion? No, Your Honor. It's in the board practice manual that states that the only person that can represent the client is the person who signed the form. What does that have to do with what you put on the outside of an envelope? The question is not who represents the client. The question is how do you reach the attorney that does represent the client. Where does it say that they can't on the outside of the envelope, the part that makes sure that it gets to the lawyer, that they can't put the firm address? Where is that written? Is that a BIA ruling? No, Your Honor. That's true. Or are you just making it up, standing up there? I am assuming that that's what it is. Let's say this was you or somebody, a loved one, and there was some legal notice from the United States government that didn't reach him or didn't reach the lawyer because the bureaucrat at the other end didn't include the law firm. I mean, don't you think he would feel betrayed by your government? Your Honor… I'm asking you a question. Yes. Okay. So why isn't the appropriate thing to do in this case is for the board to reissue the notice and send in the lawyer and start the process again and give her a fair chance to have her case adjudicated? It just strikes me as bureaucracy run amok for you all to stand and say, oh, well, couldn't put it on the outside of the… couldn't put it on that. This is just unconscionable. How can you stand there and say something like that? Your Honor, I can only say that there is a procedure in place for when a… There's no procedure in place. There's no procedure that says they can't add the firm name to the envelope. You've said that already. That's not what I was talking about, Your Honor. I was talking about there's a procedure in place as far as the filing of a motion to reissue with the board. If you don't receive notice with the board, an attorney can come in later or the alien can request for reissuance and the board will act on it. And when did that start to run? Well, the motions… I'm sorry, when did the board… I mean, if they don't get notice, obviously they can't. People don't know that they haven't gotten notice until some point in the future. But here they did as early as September of 2005. You can't both talk at the same time, Your Honor. All right? I mean, you're not going to hear what my question is and I'm not going to understand what your answer is if you keep talking while I'm talking. You understand that part? A hundred percent, Your Honor. Okay? So when do you think that they had notice at which point they should have asked for a reissuance? They had notice when they… Just the date. September 2005. December and… September or December? Well, the most likely, I would point on the record, December 2005 is when the current counsel reviewed the record. So just to make it all very clear, that's when they had notice. December 2005. So what happened? At that point, you got a letter from counsel saying, pointing out the… Did I understand it correctly? No, that was prior counsel, Your Honor. Prior counsel apparently attempted to send a letter to the board, but there is no indication that the board received the letter. They might have rejected it because he wasn't the attorney of record, because he never signed the EOR 27, so that might have been rejected. Right. For whatever reason, it's not in the record. So the board didn't reach that issue. The first time that we can definitely say that they were aware of the issue is December 2005, when current counsel reviewed the record. And from that point forward, it was another 17 months until the motion was filed. And you heard opposing counsel's explanation of why her firm waited to… What is your answer to that? I think there are two different things at play, Your Honor. The first is the motion to reopen, and the second is the motion to reissue. The motion to reissue, she should have pursued that right away, because the motion to reissue is treated exactly as the motion to reopen with a 90-day deadline for it. And if she had a claim that neither the attorney nor the alien had received it, she could have filed within that 90-day deadline, and she would have received reissuance. Now, what happened is that she started to go after the I-130. The I-130 was completely irrelevant as far as the motion to reissue. The I-130 might have been relevant as far as the ultimate motion to reopen. But for the motion to reissue, no. And the problem with seeking the motion to reopen is that she couldn't have gotten that, because even if she established that prior counsel was ineffective from the time he filed the motion in May 2005 until the point that they discovered, the motion would have still been untimely, because there's still another motion before that. We have three different motions. We have ineffective as a counsel on top of ineffective as a counsel. I don't think you've even followed what you just said to me. I sure didn't. Why don't you start afresh? Tell me what exactly your point is. You mean as far as why she was pursuing the I-130? Well, okay, the last thing I got out of you that I understood is you said December 2005. Okay, so why don't you start there and tell me what should have happened next and address counsel's point. I mean, she explained why they proceeded as they did. Why was as they did not a reasonable way to proceed? It was not reasonable for her to wait 17 months to file the motion to reissue. It doesn't matter. But they weren't sitting on their hands, right? They had the I-130, and they pursued that. The I-130 wasn't relevant for the motion to reissue. In this Court's decision in Valeriano, the Court held that pursuing non-vital information is not diligence. In that case, the attorney was going to file a motion to reopen, but she waited I think seven or eight months in order to get a response from DHS whether they would join her on the motion. And DHS took that long to respond, and when they said no, then she filed it. By that time, the motion was untimely, and the Court said there's no due diligence here. So I think that this falls in the same rubric. She might have been pursuing the I-130 as far as the motion to reopen, but that's irrelevant as far as the motion to reissue, which was premised on the fact that they'd never received a court decision. You know, it's a sad situation all told between her lawyers and the BIA. This petitioner has no luck at all. I mean, assuming that she has a valid marriage, which you don't have any reason to doubt at this point, she's somebody who it seems to me would be entitled to relief, but for bungling by the BIA and probably by her lawyers, she is now going to be separated from her husband or reported. I mean, it's not somebody who committed a felony, you know, was involved in drugs, or did anything at all wrong. She trusted her government, or our government, rather, what she hopes to be her government. She trusted our government and she trusted her lawyers, and through no wrongdoing on her part, her life gets turned upside down. Is there nothing that could be worked out in this kind of situation? Yes, I mean, the petitioner was truly not the least at fault, personally. The mistakes that may have been made are entirely... I mean, she's not a lawyer herself, I assume, and she probably understands even less about immigration law than I do, which is little enough right there. And is there nothing at all that could be done to... I mean, there was fault. I mean, you must admit that the government should have tried a little harder to send that notice out, right? Your Honor, I... I mean, it seems to me there's a kind of thing that it's a problem that's going to recur if notices are sent out to lawyers without the name of the law firm included on the envelope. It's something that, you know, if we have a benevolent government who wants to be conscientious, they would try to correct this for the future. Again, Your Honor, I mean, that's hopefully an issue that the BIA will address. Will you take it up with your... Yes, I will most definitely. Is there any chance that you could, you know, given how little thought she has, that perhaps somebody would take mercy and just reissue the opinion, the decision? It's not that big a deal. Well, obviously I can't speak for what the BIA can do. Will you consider it? If we defer submission of the case? Yes, absolutely. You know, this is not somebody... I mean, we've got lots of cases here of people whose story is not believed by the IJ and, you know, they're probably lying or, you know, at least I found them to be lying or who commit felonies or child molestation or, you know, all sorts of things. You've seen a lot of those cases. But it's not really like that at all. This is somebody who came here, you know, has married a U.S. citizen and has a life here, has done really nothing wrong other than trust her government and trust her lawyers. Yes. So will you... Most definitely. We'll work together. We have a mediation office here. They're very good. And if there's any way of doing this, you know... Yes. Yes, sir. I think that... Part of being a great nation is once in a while exercising mercy. Yes, sir. Okay. I will take it up. Okay. We'll defer submission for two weeks. And if we hear from our mediation... contact our mediators, the deputy clerk will let you know how to do it. And then if we don't hear anything, we'll submit the case in two weeks and decide it. But if we hear from the mediator that to continue, we'll continue deferring submission until hopefully it's resolved. And that's just and merciful. Okay. Thank you. Okay. Thank you. We'll defer submission. I think this concludes the argument. We are adjourned. All rise. Thank you.
judges: Bolton, Kozinski, Ikuta